UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SKYE TAYLOR,

    Plaintiff,

v.

VOLKSWAGEN OF AMERICA, INC., *et al.*,

    Defendants.

Case No. C07-1849RSL

ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION

## **I. INTRODUCTION**

This matter comes before the Court on plaintiff's motion for a preliminary injunction (Dkt. #42). Plaintiff, who is proceeding *pro se*, alleges that Volkswagen has discriminated against him by prohibiting its dealerships, three of whom are also defendants, from selling new vehicles to Canadians. Plaintiff also alleges that the practice constitutes an antitrust violation under the Sherman Act, 15 U.S.C. § 1 *et seq.*

For the reasons set forth below, the Court denies plaintiff's motion.[1]

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendants' request for oral argument is denied.

ORDER DENYING MOTION FOR
A PRELIMINARY INJUNCTION - 1

## II. DISCUSSION

Plaintiff resides in Vancouver, Canada. He alleges that in 2007, he sought to purchase a new Volkswagen automobile from the three defendant Volkswagen dealerships, but was informed that pursuant to company policy, they do not sell new vehicles to Canadian residents. Plaintiff contends that defendants have conspired with each other and with their Canadian counterparts not to sell new vehicles to individuals who plan to take them across the border to keep prices, and therefore profits, high.

After defendants filed a motion to dismiss, the Court dismissed four of plaintiff's claims. Three of plaintiff's claims remain. Those claims are for (1) denying plaintiff his right to make and enforce contracts under 42 U.S.C. § 1981, (2) depriving plaintiff of equal privileges under the law in violation of 42 U.S.C. § 1985, and (3) conspiring to restrain trade in violation of the Sherman Act, 15 U.S.C. § 1.

A party is entitled to preliminary injunctive relief when it demonstrates (1) the combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions regarding the merits and the balance of hardships tips sharply in its favor. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992). Each of these tests "requires an examination of both the potential merits of the asserted claims and the harm or hardships faced by the parties." Sammartano v. First Judicial Dist. Court, in and for County of Carson City, 303 F.3d 959, 965 (9th Cir. 2002). These are not separate tests, but rather represent a continuum of equitable discretion "in which the required probability of success on the merits decreases as the degree of harm increases." Westlands Water Dist. v. Natural Res. Def. Council, 43 F.3d 457, 459 (9th Cir. 1994).

Plaintiff alleges that as a result of defendants' antitrust violations, he and other consumers will pay higher prices for automobiles, and defendants will sell fewer automobiles, reducing the commissions of their employees. However, economic injury, by itself, does not constitute irreparable harm. See, e.g., Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.,

944 F.2d 597, 603 (9th Cir. 1991) (explaining that "economic injury alone does not support a finding of irreparable harm"). Plaintiff also alleges that he has been harmed because defendants discriminate against Canadians. However, plaintiff has already suffered that harm. In addition, he has not sued on behalf of a class. Accordingly, plaintiff has not shown a likelihood of irreparable injury.

As for the likelihood of success on the merits of plaintiff's remaining claims, the Court found that plaintiff had alleged a horizontal restraint primarily because it was required to construe the complaint liberally in light of his *pro se* status. It is unclear whether plaintiff will be able to show that a horizontal conspiracy exists or whether the vertical restraint is invalid under the Rule of Reason. Defendants also argue that 42 U.S.C. § 1981[2] does not prohibit discrimination based on national origin. See Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987). Instead, that statute prohibits discrimination based on race. See, e.g., Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995); London v. Coopers & Lybrand, 644 F.2d 811, 818 n.4 (9th Cir. 1981) (explaining that Section 1981 requires an allegation that plaintiff "is a member of a distinct racial minority"). Plaintiff has not alleged that he was discriminated against based on his race. Nor has he alleged discrimination based on any identifiable ethnic characteristics, which might be sufficient to state a Section 1981 claim. See, e.g., Manatt v. Bank of Am., N.A., 339 F.3d 792 (9th Cir. 2003); Magana v. Northern Mariana Islands, 107 F.3d 1436, 1446-47 (9th Cir. 1997). Similarly, the Supreme Court has reserved the question of whether Section 1985(3)[3] covers more than racially directed conspiracies. Griffin v.

---

[2] Section 1981 provides in relevant part that "all persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens."

[3] To state a claim under Section 1985(3), plaintiff must allege that: (1) defendants conspired; (2) defendants' purpose was to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; (3) defendants' actions were in furtherance of the object of the conspiracy; and (4) that plaintiff was either injured in his person or property or deprived of having and exercising any

ORDER DENYING MOTION FOR
A PRELIMINARY INJUNCTION - 3

Breckenridge, 403 U.S. 88, 102 n.9 (1971). Plaintiff has not cited any authority to show that the relevant statutes prohibit the type of conduct he has alleged.

In addition, although plaintiff broadly alleges that defendants refused to sell new vehicles to him because he is Canadian, it appears at least equally likely, based on the current scant record, that defendants refused to sell to him because of his intent to export the vehicles to Canada. For example, there is no allegation that defendants refused to sell new vehicles to all individuals of Canadian ancestry or to Canadians living in the United States. For these reasons, plaintiff has not shown a likelihood of success on the merits.

Nor has plaintiff shown that the balance of hardships tips in his favor. Paying more for a new automobile is not a hardship. In contrast, Volkswagen has alleged that it will suffer hardship if an injunction were granted because some of the dealerships might be forced out of business by consumers taking advantage of interest rate fluctuations. Declaration of Anthony Ray, (Dkt. #47) at ¶¶ 4, 5. Accordingly, plaintiff has not shown that injunctive relief is warranted.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion for a preliminary injunction (Dkt. #42).

DATED this 3rd day of March, 2008.

_____
Robert S. Lasnik
United States District Judge

---

right or privilege of a citizen of the United States.