UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SKYE TAYLOR,

    Plaintiff,

    v.

VOLKSWAGEN OF AMERICA, INC., *et al.*,

    Defendants.

Case No. C07-1849RSL

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on the parties' cross motions for summary judgment. Defendant Volkswagen of America, Inc. ("Volkswagen")[1] filed a motion for summary judgment which was joined by defendants Hanson Motors, Inc., Rogers Jobs Motors, Inc., and Cascade Chrysler, Inc. (collectively, "defendants"). Plaintiff, who is proceeding *pro se*, filed a cross motion for summary judgment. Volkswagen prohibits its dealerships, three of whom are defendants, from selling new vehicles in the United States for export by Canadians. Plaintiff alleges that the practice constitutes an antitrust violation under the Sherman Act, 15 U.S.C. § 1 *et*

---

[1] Volkswagen is the distributor of new Volkswagen vehicles in the United States.

*seq.*

For the reasons set forth below, the Court grants defendants' motions and denies plaintiff's motion.[2]

## II. DISCUSSION

**A.     Background Facts.**

Plaintiff resides in Vancouver, British Columbia, Canada. He alleges that in October 2007, he sought to purchase a new Volkswagen automobile from Roger Jobs Volkswagen in Bellingham. Because of the weak American dollar, plaintiff claims that he could have saved approximately 30% of the cost of the vehicle by purchasing it in the United States instead of in Canada. The dealership refused to sell plaintiff a new Volkswagen. Plaintiff was informed that pursuant to company policy, the dealership does not sell new vehicles to Canadian residents. Plaintiff had a similar experience with defendant Cascade Chrysler, Inc. which does business as Karmart Volkswagen. Plaintiff then contacted Volkswagen to complain, but to no avail. Plaintiff subsequently purchased a new vehicle from defendant Hanson Motors, Inc. in Olympia, but that dealership refused to sell him a second vehicle.

Volkswagen is a wholly owned subsidiary of Volkswagen AG, a German corporation. Volkswagen has no authority to sell vehicles outside of the United States.[3] Declaration of Anthony Ray, (Dkt. #72-2) at ¶ 3. Volkswagen has made a "unilateral decision" to refuse to authorize its dealers to sell new vehicles for sale or use outside of the United States. Id. at ¶ 4 & Ex. 1. The policy "is intended to preserve the integrity of Volkwagen's distribution network and to maximize customer satisfaction by ensuring that new vehicles meet the certification and

---

[2] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, the request for oral argument from Volkswagen, Rogers Jobs Motors, Inc., and Cascade Chrysler, Inc. is denied.

[3] Although plaintiff disagrees with some of the statements in the Ray Declaration, he has not provided any evidence to support his position. Nor has he shown that the statements therein are internally inconsistent as he contends.

ORDER REGARDING MOTIONS
FOR SUMMARY JUDGMENT - 2

operational standards for the countries in which they are sold." Id. at ¶ 5. The policy also protects the dealerships "from the vagaries of price fluctuations due to currency exchange rates." Id.

Plaintiff initially asserted seven claims against defendants. Pursuant to an order granting in part and denying in part defendants' motions to dismiss, the Court dismissed his claims for (1) violation of Section 3 of the Sherman Act, (2) violation of 15 U.S.C. § 45, and (3) discrimination under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. Plaintiff subsequently voluntarily dismissed his claims under (1) Section 2 of the Sherman Act, (2) 42 U.S.C. § 1981, and (3) 42 U.S.C. § 1985. The only remaining claim is under Section 1 of the Sherman Act.

**B.  Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

**C.     Analysis.**

Section 1 of the Sherman Antitrust Act states, "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal."  15 U.S.C. § 1.  The provision prohibits "only unreasonable restraints of trade."  Business Elecs. Corp. v. Sharp Elecs. Corp., 485 U.S. 717, 723 (1988).

Plaintiff contends that Volkswagen's policy is an illegal horizontal price restraint. "Restraints imposed by agreement between competitors have traditionally been denominated as horizontal restraints, and those imposed by agreement between firms at different levels of distribution as vertical restraints."  Id. at 730.  The Court denied defendants' previous motions to dismiss in part because plaintiff alleged that the dealerships conspired among themselves and Volkswagen conspired with its counterpart in Canada to limit trade.  However, plaintiff has produced no evidence of any such agreements or of any horizontal restraints.  Instead, the record shows only a vertical agreement between Volkswagen and its dealerships not to sell vehicles for foreign export.  The fact that the agreement may ultimately affect prices at a horizontal level is insufficient to convert the practice into a horizontal restraint.  See, e.g., Business Elecs. Corp., 485 U.S. at 730 n.4.  Therefore, the Court will analyze the policy as a vertical restraint.

Plaintiff relies on older authority, including *United States v. Arnold, Schwinn & Co.*, 388 U.S. 365 (1967), which explained that territory restrictions are *per se* violations of the Sherman Act.  The Supreme Court, however, soon rejected that pronouncement in *Continental T.V., Inc. v. GTE Sylvania, Inc.*, 433 U.S. 36, 54 (1977).  Instead, courts should apply the rule of reason to vertical non-price restraints, asking whether the restrictive practice at issue imposes "an unreasonable restraint on competition."  Id. at 1569; see also Nat'l Soc'y of Prof'l Eng'rs v. United States, 435 U.S. 679, 691 (1977) (explaining that "the inquiry mandated by the Rule of Reason is whether the challenged agreement is one that promotes competition or one that suppresses competition").  A vertical restraint "is not per se illegal unless it includes some

agreement on price or price levels." Business Elecs. Corp., 485 U.S. at 735-36. The restraint in this case does not include price fixing or otherwise *per se* illegal restraints. Accordingly, the Court will apply the rule of reason.

To state a claim under Section 1, plaintiff must show: (1) a contract, combination or conspiracy among two or more persons or distinct business entities, (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations, and (3) which actually injures competition. See, e.g., Kendall v. VISA U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008). In this case, plaintiff has shown only that he was unable to purchase a Volkswagen vehicle in the United States for export to Canada. He has not shown any negative effects on competition. In fact, the Supreme Court has explained that certain vertical non-price restraints can benefit interbrand competition "by allowing the manufacturer to achieve certain efficiencies in the distribution of his products." Continental T.V., Inc., 433 U.S. at 54. The Supreme Court further noted that manufacturers can use restrictions to ensure safety and regulatory compliance and "to provide service and repair facilities for their products," which the Court noted was "vital" for automobiles. Id. at 55. Volkswagen has provided evidence to show that the restriction at issue is intended to serve those purposes, to maximize customer satisfaction, and to preserve the integrity of Volkswagen's distribution network. The restriction furthers, rather than hinders, interbrand competition by ensuring that Volkswagen's retailers stay in business rather than failing due to currency fluctuations and consumer dissatisfaction.

Moreover, plaintiff has not shown that Volkswagen has sufficient market share to affect interbrand competition. Both plaintiff and defendant have defined the relevant market as the United States. Defendant has shown, and plaintiff does not dispute, that its market share has fluctuated from 0.36% to a high of 2.07% during the relevant time. Declaration of Rocco DiAntonio, (Dkt. #72-3) at ¶ 1. At those levels, Volkswagen's market share is insufficient to affect interbrand competition. See, e.g., JBL Enterprises, Inc. v. Jhirmack Enterprises, Inc., 698 F.2d 1011, 1017 (9th Cir. 1983) (explaining that market share of 1%-2% of one market and

2.3%-4.2% of another were too small to significantly affect interbrand competition).

Finally, plaintiff has not shown any evidence of a conspiracy. The mere fact that the dealerships agreed to comply with Volkswagen's policy does not evidence a conspiracy. See, e.g., International Logistics Group, Ltd. v. Chrysler Corp., 884 F.2d 904, 907 (6th Cir. 1989) ("Current legal precedent supports the conclusion that a conspiracy may not evolve under circumstances where a dealer or distributor involuntarily complies to avoid termination of his product source"); Intercontinental Parts, Inc. v. Caterpillar, 260 Ill. App. 3d 1085, 1095 (1994). Accordingly, plaintiff has failed to support a Sherman Act claim.

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motions for summary judgment (Dkt. #72, 73, 74) and DENIES plaintiff's motion for summary judgment (Dkt. #75). The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff.

DATED this 14th day of April, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge